**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

JAMES WILLIAM ROBERTS,

       Plaintiff,

v.                                         Case No. 3:22-cv-1025-JRK

MARTIN J. O'MALLEY,
Commissioner of Social Security,[1]

       Defendant.

_____

## **OPINION AND ORDER**[2]

### **I.   Status**

James William Roberts ("Plaintiff") is appealing the Commissioner of the Social Security Administration's ("SSA('s)") final decision denying his claim for disability insurance benefits ("DIB"). Plaintiff's alleged inability to work is the result of periodic limb movement disorder, sleep apnea, and osteoarthritis, as well as recovering from multiple surgeries including arthrotomies, total hip

---

[1]    Mr. O'Malley was sworn in as Commissioner of the Social Security Administration on December 20, 2023. Pursuant to Rule 25(d)(1), Federal Rules of Civil Procedure, Mr. O'Malley should be substituted for Kilolo Kijakazi as Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2]    The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Doc. No. 8), filed December 19, 2022; Reference Order (Doc. No. 12), entered December 20, 2022.

replacements, cervical arthroplasty, and laminotomy. Transcript of Administrative Proceedings (Doc. No. 9; "Tr." or "administrative transcript"), filed December 19, 2022, at 80, 102, 269. Plaintiff protectively filed an application for DIB on December 30, 2019, alleging a disability onset date of June 16, 2018.[3] Tr. at 205-08. The application was denied initially, Tr. at 79-100, 101, 112, 115, 121-27, and upon reconsideration, Tr. at 102-10, 111, 130-33.[4]

On February 4, 2022, an Administrative Law Judge ("ALJ") held a hearing,[5] during which she heard testimony from Plaintiff, who was represented by counsel and a vocational expert ("VE"). See Tr. at 35-61. After the hearing, the ALJ sent the VE vocational interrogatories, which the VE completed and returned. Tr. at 389-91. On May 3, 2022, the ALJ issued a Decision finding Plaintiff not disabled through the date of the Decision. See Tr. at 15-27.

---

[3] Although actually completed on December 31, 2019, Tr. at 205, the administrative transcript reflects the protective filing date for the DIB application is December 30, 2019, Tr. at 80, 102. The administrative transcript also contains an initial and reconsideration denial of a 2018 application. Tr. at 62-67 (initial), 68-78 (reconsideration). That application is not at issue here.

[4] Some of these cited documents are duplicates.

[5] The hearing was held via telephone with Plaintiff's consent because of extraordinary circumstances caused by the early stages of the COVID-19 pandemic. Tr. at 37-38, 136-51.

Thereafter, Plaintiff sought review of the Decision by the Appeals Council and submitted a brief authored by his counsel. See Tr. at 4-5 (Appeals Council exhibit list and order), 199-201 (request for review), 396-97 (brief). On July 28, 2022, the Appeals Council denied Plaintiff's request for review, Tr. at 1-3, thereby making the ALJ's Decision the final decision of the Commissioner. On September 21, 2023, Plaintiff commenced this action under 42 U.S.C. § 405(g) by timely filing a Complaint (Doc. No. 1), seeking judicial review of the Commissioner's final decision.

On appeal, Plaintiff contends "[t]he ALJ improperly evaluated Plaintiff's self-description of his limitations, which are consistent with and supported by the record; more to the point, she did not reasonably find to the contrary." Plaintiff's Brief – Social Security (Doc. No. 14; "Pl.'s Br."), filed February 20, 2023, at 1 (emphasis omitted). On May 3, 2023, Defendant filed a Memorandum in Support of the Commissioner's Decision (Doc. No. 17; "Def.'s Mem.") addressing the issue. After a thorough review of the entire record and consideration of the parties' respective arguments, the undersigned finds that the Commissioner's final decision is due to be affirmed.

## II.  The ALJ's Decision

When determining whether an individual is disabled,[6] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. § 404.1520; see also Simon v. Comm'r, Soc. Sec. Admin., 7 F.4th 1094, 1101-02 (11th Cir. 2021) (citations omitted); Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four, and at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step inquiry. See Tr. at 17-27. At step one, the ALJ determined that Plaintiff "has not engaged in substantial gainful activity since June 16, 2018, the alleged onset date." Tr. at 17 (emphasis and citation omitted). At step two, the ALJ found that Plaintiff "has the following

---

[6]  "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

- 4 -

severe impairments: disorders of the spine; bilateral first metatarsophalangeal osteoarthritis; headaches; history of left shoulder disorder." Tr. at 17 (emphasis and citation omitted). At step three, the ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 [C.F.R.] Part 404, Subpart P, Appendix 1." Tr. at 20 (emphasis and citation omitted).

The ALJ determined that Plaintiff has the following residual functional capacity ("RFC"):

> [Plaintiff can] perform light work as defined in 20 CFR [§] 404.1567(b) except no more than occasional overhead reaching, climbing ramps/stairs, balancing, stooping, kneeling, crouching, crawling; no more than frequent reaching in directions other than overhead; no climbing of ladders, ropes and scaffolds; no concentrated exposure to vibration, dangerous machinery and unprotected heights; no driving; no more than simple, routine, repetitive tasks with a reasoning level that does not exceed 2.

Tr. at 20 (emphasis omitted).

At step four, the ALJ found that Plaintiff "is unable to perform any past relevant work." Tr. at 25 (some emphasis, capitalization, and citation omitted). At the fifth and final step of the sequential inquiry, after considering Plaintiff's age ("47 years old . . . on the alleged disability onset date"), education ("at least a high school education"), work experience, and RFC, the ALJ relied on the VE's testimony and found that "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform," Tr. at 25-26 (emphasis and

citations omitted), such as "Marker," "Garment sorter," and "Assembler II," Tr. at 26 (emphasis and some capitalization omitted). The ALJ concluded Plaintiff "has not been under a disability . . . from June 16, 2018, through the date of th[e D]ecision." Tr. at 27 (emphasis and citation omitted).

### III.   Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. § 405(g). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence.'" Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)); see also Biestek v. Berryhill, 139 S.Ct. 1148, 1154 (2019); Samuels v. Acting Comm'r of Soc. Sec., 959 F.3d 1042, 1045 (11th Cir. 2020) (citation omitted). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (citation

omitted). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence—even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV.   Discussion

Plaintiff argues the ALJ erred in evaluating his "self-description of his limitations, which are consistent with and supported by the record." Pl.'s Br. at 1 (emphasis omitted). Plaintiff focuses on the ALJ's finding that he can perform light work with its accompanying requirement of approximately 6 hours of standing/walking in an 8-hour workday. Id. at 16-25; see SSR 83-10, 1983 WL 31251 (SSA 1983) (Light work "requires a good deal of walking or standing," with "the full range of light work requir[ing] standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday" with sitting being permitted "intermittently during the remaining time"). In sum, given Plaintiff's reported inability to do that much walking, combined with the ALJ's "minimal" analysis of the factors set forth in the Regulations, Plaintiff contends the matter must be reversed and remanded for further consideration. Pl.'s Br. at 16-25.

Responding, Defendant argues "the ALJ properly found Plaintiff's subjective complaints . . . were inconsistent with objective medical findings, Plaintiff's denial of symptoms or statements about his functioning, doctors' assessments of no limitations, evidence of effective treatment, evidence of daily

activities, and the prior administrative medical findings." Def.'s Mem. at 1; see id. at 4-17.

"[T]o establish a disability based on testimony of pain and other symptoms, the claimant must satisfy two parts of a three-part showing: (1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain." Wilson v. Barnhart, 284 F.3d 1219, 1225 (11th Cir. 2002) (citing Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991)). "The claimant's subjective testimony supported by medical evidence that satisfies the standard is itself sufficient to support a finding of disability." Holt, 921 F.2d at 1223.

The Regulations provide that an ALJ "will" consider the following factors related to symptoms such as pain:

> (i) [The claimant's] daily activities; (ii) The location, duration, frequency, and intensity of [the claimant's] pain or other symptoms; (iii) Precipitating and aggravating factors; (iv) The type, dosage, effectiveness, and side effects of any medication [the claimant] take[s] or ha[s] taken to alleviate [his or her] pain or other symptoms; (v) Treatment, other than medication, [the claimant] receive[s] or ha[s] received for relief of [his or her] pain or other symptoms; (vi) Any measures [the claimant] use[s] or ha[s] used to relieve [his or her] pain or other symptoms . . .; and (vii) Other factors concerning [the claimant's] functional limitations and restrictions due to pain or other symptoms.

20 C.F.R. § 404.1529(c)(3)(i)-(vii); see Raper v. Comm'r of Soc. Sec., 89 F.4th 1261, 1277 (11th Cir. 2024). The factors must be considered "in relation to other evidence in the record and whether the claimant's statements conflict with other evidence." Raper, 89 F.4th at 1277 (citation omitted); see 20 C.F.R. § 404.1529(c)(4). To reject the claimant's assertions of subjective symptoms, "explicit and adequate reasons" must be articulated by the ALJ. Wilson, 284 F.3d at 1225; see also Dyer, 395 F.3d at 1210; Marbury v. Sullivan, 957 F.2d 837, 839 (11th Cir. 1992).

The RFC assessment "is the most [a claimant] can still do despite [his or her] limitations." 20 C.F.R. § 404.1545(a)(1). It is used at step four to determine whether a claimant can return to his or her past relevant work, and if necessary, it is also used at step five to determine whether the claimant can perform any other work that exists in significant numbers in the national economy. 20 C.F.R. § 404.1545(a)(5). In assessing a claimant's RFC, the ALJ "must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'" SSR 96-8P, 1996 WL 374184 at *5; see also Pupo v. Comm'r, Soc. Sec. Admin., 17 F.4th 1054, 1064 (11th Cir. 2021) (citing Schink, 935 F.3d at 1268); Swindle v. Sullivan, 914 F.2d 222, 226 (11th Cir. 1990) (stating that "the ALJ must consider a claimant's impairments in combination") (citing 20 C.F.R. § 404.1545; Reeves v. Heckler, 734 F.2d 519, 525 (11th Cir. 1984)).

Here, the ALJ summarized Plaintiff's contentions about the effect of his impairments on his ability to work, specifically recognizing the allegation that he "has limitations in sitting, standing, and walking." Tr. at 21; see Tr. at 51-52 (Plaintiff's testimony confirming that he "can't sit, stand, or walk for extended periods of time" and that it has "varied, depending on whether [he is] anticipating a surgery or recovering from a surgery"), 292-94 (supplemental pain questionnaire indicating Plaintiff has had multiple surgeries and continues to have low back pain when "standing, bending, walking, sitting and reaching"), 301 (Plaintiff's function report indicating he is limited in the areas of standing, walking, and sitting, among other things). The ALJ then found that Plaintiff's "medically determinable impairments could reasonably be expected to give rise to the alleged symptoms," but that Plaintiff's "statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in th[e D]ecision." Tr. at 21.

In the paragraph following this overall finding, the ALJ made the main supportive findings that Plaintiff now challenges. First, the ALJ noted "clinical findings do not corroborate consistent active acute distress at follow-up presentations or significant limitations in strength, range of motion, or sensation of the reportedly affected areas." Tr. at 21. Second, the ALJ pointed out that Plaintiff "recently reported he had gone back to the gym and did chest

pull ups and shoulder exercises as well as squats and had 'no complaints of pain in his shoulder,'" with his "provider . . . clear[ing] him to return to all activity as tolerated." Tr. at 21 (citing Ex. 42F/13, located at Tr. at 2667). Third, the ALJ observed that "the VA recently declined, in July 2021, [Plaintiff's] application for Program of Comprehensive Assistance for Family Caregivers because he was not in need of personal care services for a minimum of six continuous months based on an inability to perform an activity of daily living or a need for supervision, protection, or instruction." Tr. at 21 (citing Ex. 39F/32, located at Tr. at 2589).

Plaintiff contends the ALJ's "four sentence[]" analysis is flawed in multiple respects. Pl.'s Br. at 18 (italics omitted). Plaintiff argues that the ALJ inappropriately considered matters such as no "acute distress at follow-up presentations" and the denial of the application for Comprehensive Assistance by the VA. Id. at 18-23. As to the finding about the gym and returning to activities, Plaintiff contends it was only addressing his shoulder impairment, which is not at issue in this appeal. Id. at 20-21. Plaintiff also quarrels with the ALJ's findings about "significant limitations in strength, range of motion, or sensation," although Plaintiff concedes the strength testing finding is "mostly right." Id. at 19.

Although it may have been inappropriate for the ALJ to rely on the lack of acute distress and the denial of the assistance application by the VA, even

- 11 -

excising those findings, the ALJ's overall analysis is due to be upheld as supported by substantial evidence. There are two main problems with Plaintiff's remaining argument, and they are discussed below.

First, Plaintiff assumes the ALJ's analysis is confined to the "four sentence[s]," a reasonable assumption given the way that the paragraph begins. See Tr. at 21 ("As for Plaintiff's statements about the intensity, persistence, and limiting effects of his symptoms, they are inconsistent because . . ."). But, the paragraphs following this one discuss the rest of the evidence in detail, making various findings that Plaintiff does not challenge. The ALJ acknowledged Plaintiff's various impairments, associated pain, attempts to relieve the pain including multiple procedures, statements by and examination findings of Plaintiff's providers about the matters at issue, exercise regimens, and other record evidence. Tr. at 21-25. The ALJ further observed Plaintiff "maintained the ability to drive and would drive himself to his treatments" and "reported he would go shopping with his wife but denied going to the gym." Tr. at 21. In sum, the ALJ considered multiple relevant factors in the pain analysis in addition to the ones Plaintiff challenges, and the findings are supported by substantial evidence.[7]

---

[7] In fact, Plaintiff notes that "the ALJ's summary of the underlying record somewhat resembles Plaintiff's," Pl.'s Br. at 18 (citation omitted), perhaps an implicit acknowledgement that the ALJ's findings on the remaining evidence are supported.

The second problem with Plaintiff's argument is that, especially when combined with the ALJ's findings that Plaintiff does not challenge, the Court is essentially being invited to reweigh the evidence and decide anew the RFC. The Court declines to do this.

The ALJ did not reversibly err in assessing Plaintiff's subjective complaints and assigning an RFC for light work with additional restrictions.[8]

## V.  Conclusion

The ALJ's Decision is supported by substantial evidence. Based on the foregoing, it is

**ORDERED**:

1. The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g), **AFFIRMING** the Commissioner's final decision.

---

[8] Plaintiff also contends the ALJ should have discussed his stellar work history. Pl.'s Br. at 23-24. Plaintiff concedes the ALJ discussed the work history "in vocational terms," but not in the analysis of whether Plaintiff's subjective complaints were supported. Id. at 23 (citing Tr. at 25) (italics omitted). As Plaintiff recognizes, the ALJ was obviously aware of Plaintiff's work history. While it was not discussed, per se, in the portion of the Decision addressing the subjective complaints, the undersigned cannot find the ALJ reversibly erred in this regard.

2. The Clerk is further directed to close the file.

**DONE AND ORDERED** in Jacksonville, Florida on March 28, 2024.

*James R. Klindt*
JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies to:
Counsel of Record